UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STEPHANIE JEFFERSON                                        PLAINTIFF

V.                                        CIVIL ACTION NO. 3:15-cv-319-CWR-FKB

ST. CATHERINE'S VILLAGE                                        DEFENDANT

## REPORT AND RECOMMENDATION

On April 28, 2015, Plaintiff Stephanie Jefferson filed a complaint in this Court alleging

that she was wrongfully terminated from her employment as an LPN with Defendant.[1]  On the

same date, Plaintiff filed a Motion to Proceed In Forma Pauperis [2], requesting that the

prepayment of filing fee and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Affidavit filed with the Court on April 28, 2015, it is the

opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed

to proceed in forma pauperis.  Plaintiff and her spouse have a  monthly income of $2,500.

Plaintiff and her spouse own their own home, as well as additional real estate, and two motor

vehicles.  Plaintiff indicated that she has paid an attorney in connection with this matter and will

pay for additional services if necessary. [2] at 5.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for

plaintiffs who lack the financial resources to pay any part of the statutory filing costs.  *See*

*Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir.

1988).  This Court, in exercising its discretion, has considered the following factors:

---

[1]Though the complaint is not clear as to the cause(s) of action asserted, it appears that
Plaintiff's claim is that Defendant violated federal disability discrimination and leave laws. [1].

Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);

Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,

Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that she and her spouse have a significant monthly income, real property, and two motor vehicles, the undersigned finds that she could pay the filing costs without undue financial hardship if given ninety days to pay the filing fee. Plaintiff will not be rendered destitute by paying the filing fee in ninety days, as she does have a place to reside, a motor vehicle, and a monthly income. Because she will not be barred from the federal courts due to her lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed in forma pauperis be denied. Plaintiff shall be given ninety days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before August 10, 2015. If Plaintiff does not object to this recommendation, and further does not pay the filing fee by August 10, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event she desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b).

Respectfully submitted, this the 8th day of May, 2015.


 /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE